Hehry Gr. Smith, J.,
delivered the opinion of the Court.
*526 As to tbe defendants wbo are executors of Marshall’s Will, the bill shows no ground of jurisdiction.
The legacy in their hands was equitable assets, which cannot be reached by execution at law against the legatee, nor by bill in Chancery, otherwise than upon a judgment at law, and return of nulla bona to execution upon the judgment, or upon some of the grounds prescribed by law which authorize an original Chancery attachment, or upon the ground prescribed by the Code, sec. 4288, the fraudulent conveyance of properties to defeat creditors.
Upon common law principles, a judgment creditor cannot subject the equitable personal properties of his debtor, until after the exhaustion of the ordinary legal remedy, which is the execution of fieri facias, and the return of the execution nulla bona. The • judgment, execution, and nulla bona, are indispensable elements of a bill in equity, to reach the equitable personal properties of the debtor.
Sometimes a bill is brought by a judgment creditor to reach and subject legal assets, real or personal of the debtor, such assets as are subject to execution at law. Such bill rests on two elements, one a lien on the properties sought to be reached, the other an inequitable impediment in the way of the proper enforcement of the execution. The notion is, that the creditor has no right to proceed against the properties by bill in Chancery, unless he has a lien on them, and such lien is given as to personal properties, by the execution only. Therefore, the execution must be current at the time of the filing of the bill, or have been *527 levied on the properties; otherwise, as to personal properties, there is no lien. But, in addition to the lien, there must be, in order to sustain a bill of this kind, to subject legal personal assets to execution at law, an impediment of some kind in the way of the inforcement of the execution. A fraudulent conveyance of the properties by the debtor, is an instance of the impediment spoken of. If the properties sought to be so subjected are'real, the judgment gives the lien, and perhaps no current execution is necessary to sustain a bill of this character, to subject real estate covered by an inequitable impediment.*
To sustain a bill of the kind first mentioned, that is to subject equitable personal assets upon a judgment, execution, and nulla bona, no lien is essential, and none ordinarily exists. By the Code, however, sec. 4286, the creditor may fix a lien on such equitable assets, in advance of the filing of his bill, by registering a memorandum of his judgment in the proper county, and following up the return of his execution, with his bill for the purpose, within the prescribed time. Without such registered memorandum, the lien is given by, and begins with, the filing of the bill.
Again, equitable properties, real or personal, may be reached, without judgment at law, by means of an *528 attachment in Chancery. In this case, the bill must rest on some of the grounds prescribed by statute, which authorize the issuance of a Chancery original attachment. Without such ground, such bill is fatally defective on demurrer.
Again, a creditor at large, that is, a creditor without judgment or decree, may, under the Code, sec. 4288, maintain a bill in Chancery, to subject the legal or equitable properties of his debtor, which the latter has conveyed to another for the purpose of hindering and defrauding his creditors. Without such statute, such bill could not be maintained until judgment- or decree first obtained.
Thus it is — in order to subject the legacy in the hands of the executors, which is equitable personalty, the bill in Chancery must show:
1st, A judgment, execution, and a nulla bona.
Or, 2d, One of the grounds on which an original attachment in Chancery may issue, prescribed by the statute law.
Or, 3d, A conveyance or device, made as to the properties sought to be subjected, to hinder and defraud creditors.
The present bill does not contain the elements or grounds necessary to bring it within either of the classes of bills mentioned.
The bill must, therefore, be dismissed as to the defendants, who are the executors of the Will of Marshall.
But, as to the other defendants, the judgment debtors, and the fraudulent grantees of such debtors, the bill will be retained. The objection that the bill as *529 to these defendants, is multifarious, is not well taken. It is altogether proper, where there are several judgment debtors, and one of them has made a fraudulent conveyance to one grantee, and another has made a fraudulent conveyance to another grantee, and another has made a like conveyance to another grantee, to unite all these debtors and their several fraudulent grantees in one common bill. The one judgment, and the one object of the bill, the satisfaction of the judgment, and the common purpose to defraud the creditor, constitute a quite sufficient link to take the bill out of the objection of multifariousness.
There is nothing in the objection, that all the beneficiaries entitled to the proceeds of the judgment, are not made parties to this bill. It was enough to make Harrison alone, the plaintiff in the judgment, sole complainant. The judgment was founded on a note made payable to Harrison, who was commissioner to sell lands and slaves under a decree in a proceeding by the heirs and distributees of Haney Hallum, deceased, to sell the estate descended from her to them. Harrison sold the properties, and received from the purchaser the note on which the judgment is founded. The heirs and distrib-utees who are entitled to the funds which Harrison may collect, are not necessary parties to this bill. If he choose to file the bill for the benefit of such as might wish to become parties to it, it is a matter of no consequence to the defendants, whether all are brought in or not. Harrison is the party with whom the debtors have to deal. If they pay him, or are made to pay him, the money they owe, they are discharged from *530 liability to the beneficiaries, and upon tbeir note and tbe judgment.
We have looked into the case of Johnson vs. Brown, etc., 2 Humphreys, with a view to the point suggested, that the bill ought to be here finally dismissed as to all the defendants. The ruling in that case was proper under the practice as then existing in Chancery; and in a like case we might probably be disposed to follow • it. The present case presents obvious differences. And under the later policy of our Courts, to reverse causes and dismiss parties upon merits only, we conclude to permit this cause to be retained as to the parties and meritorious equities, and sent back to the Court below for further proceedings as to them.
Dismiss the bill as to the defendants who are executors of Marshall; and remand this cause to the Chancery Court, for such further proceedings as may be suitable, as between the other parties.

 Note. — Since this was written, attention has been called to the case of Peacock vs. Thompkins etc., Meigs’ Reports, which holds that a hill to set aside a fraudulent conveyance of legal personalty, may he filed on judgment, execution, and nulla bona. This case has been so long acted upon hy the profession, that it will probably have to stand as the law in Tennessee.